Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIE PERRY WOODS, Fed BOP Reg #01917-285, FCI Hazelton, P O Box 5000, Bruceton Mills, West Virginia 26525 )
_____ , )
(Full name under which you were convicted, prison number, place of confinement, and full mailing address)

Petitioner,

vs.

UNITED STATES PAROLE COMMISSION (USPC)
(Name of Warden or other authorized person where you are incarcerated)
USPC is true Respondent according to <u>Dunn</u> v <u>USPC</u>, 1987 US App Lexis 16457
Respondent.

FILED
DEC 02 2022
U.S. DISTRICT COURT  WVND
CLARKSBURG, WV 26301

Petition for Habeas Corpus
Pursuant to 28 U.S.C. § 2241

Civil Action No. 5:22-cv-294
(to be assigned by Clerk)

HONORABLE: Bailey, Mazzone, Prince
USDC JUDGE

October 4, 2022 - Tuesday

Important notes to read before completing this form:

★ Please read the entire petition before filling it out. Answer only those questions which pertain to your claim(s).

*PLEASE EXCUSE ANY TYPOGRAPHICAL, GRAMMATICAL AND PRO FORMA ERRORS HEREIN.
***PETITION IS ONLY ABOUT HOW FED SENTENCE IS FURTHER EXECUTED

1.  This petition concerns (check the appropriate box):

    ☐ a conviction
    ☐ a sentence
    ☐ jail or prison conditions
    ☐ prison disciplinary proceedings
    ☐ a parole problem
    ☒ other, state briefly: Further execution of Fed sentence is fundamentally unfair in violation of Procedural Due Process (PDP) clause

Attachment A

of 5th Amend (Am 5) to US Const, as well as is an egregious abuse of USPC power in violation of Substantive Due Process (SDP) clause of US Const Am 5. *THIS LITIGATION IS NOT ABOUT FED PAROLE.

2. Are you represented by counsel?   ☐ Yes   ☒ No

   If you answered yes, list your counsel's name and address: _____

3. List the name and location of the court which imposed your sentence:
   US Dist Ct (USDC), Estern Dist of Mich (ED Mich), Northern Div (ND), 1000 Washington Ave, Room 304, Bay City, MI 48706.

4. List the case number, if known: 74-20115 (Federally indicted on 12-10-1974).

5. List the nature of the offense for which the sentence was imposed:
   One Fed kidnapping violative of 18 USC 1201(a)(1), i.e., requiring one person to unwillingly cross state lines from Saginaw in Mich to Chicago in Ill during 11/1974. Person not held for over 12 hours nor seriously injured physically or otherwise. Not a ransom nor hostage case.

6. List the date each sentence was imposed and the terms of the sentence:
   USDC Judge James Harvey sentenced on 9-14-1976 to a paroleable Fed life under 18 USC 4205(b)(2). Sentenced for that one kidnapping conviction as a first-felony offender. Under that statute, USPC has discretion to parole at any time or to never parole.

7. What was your plea to each count? (Check one)

   ☐ Guilty
   ☒ Not Guilty
   ☐ Nolo Contendere

Attachment A

8. If you were found guilty after a plea of not guilty, how was that finding made?

- [x] A jury
- [ ] A Judge without a jury
- [ ] A Magistrate Judge without a jury

9. Did you appeal from the judgment of conviction or imposition of the sentence?

- [x] Yes
- [ ] No

10. If you did appeal, give the following information for each appeal:

   A. Name of Court: US Ct of Appeals for the Sixth Cir.
   B. Result: Conviction and sentence affirmed.
   C. Date of Result: April 19, 1977.
   D. Grounds raised (List each one): "DID THE TRIAL COURT COMMIT ERROR AND ABUSE ITS DISCRETION BY DENYING MOTION OF DEFENSE COUNSEL TO STRIKE TESTIMONY OF ANOTHER VICTIM OF ANOTHER ALLEGED CRIME BY DEFENDANT?"
   US v Woods, No 77-5011 (6th Cir, Apr 19, 1977).

   Note: if you filed an appeal in more than one court, attach an additional sheet of paper of the same size and give all of the information requested in Question 10, A through D.

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? This is called a post-conviction pleading.

- [x] Yes
- [ ] No

If your answer was yes, complete the following sections:

   A. First post-conviction proceeding:
      1. Name of Court: USDC, ED Mich ND, Fed trial court

Attachment A

    2. Nature of Proceeding: **28 USC 2255 MOTION TO VACATE SENTENCE**
    3. Grounds Raised: **10 US Const'al Grounds.**
    4. Did you receive an evidentiary hearing? ☐ Yes  ☒ **No**
    5. Result: **Conviction and sentence affirmed.**
    6. Date of Result: **1985.**

B. Second post-conviction proceeding:
    1. Name of Court: **US Ct of Appeals for the Sixth Cir.**
    2. Nature of Proceeding: **Appeal of USDC denial of 28 USC 2255 Writ.**
    3. Grounds Raised: **10 US Const'al Grounds.**
    4. Did you receive an evidentiary hearing? ☐ Yes  ☒ **No**
    5. Result: **DENIED at: Tate v US, 1986 US App Lexis 30170 (6th Cir).**
    6. Date of Result: **September 10, 1986**

C. Did you appeal to the result of the post conviction proceeding(s) to the highest court having jurisdiction?
    1. First proceeding: ☒ **Yes** ☐ No  Result: **Relief Denied.**
    2. Second proceeding: ☐ Yes ☒ **No** Result: _____

D. If you did not appeal the adverse result of the post-conviction proceeding(s), explain briefly why not: **No WRIT OF CERTIORARI filed in US Supreme Ct because US 6th Cir REMANDED case on Ground that False Data unconstitutionally existed in Fed Presentence Investigation Report.**

12. For your information, the following is a list of the most frequently raised grounds for relief in applications for habeas corpus pursuant to 28 U.S.C. §2241. You may raise any grounds which you may have other than those listed. However, in this application, you should raise all available grounds on which you base your petition. **Do not check** any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. **The petition will be returned to you if you merely check one or more of the grounds:**

    A. U.S. Parole Commission unlawfully revoked my parole.
    B. Federal Bureau of Prisons unlawfully computed my sentence.

Attachment A

C. Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.
D. Federal Bureau of Prisons or State prison system unlawfully revoked my good time credits.
E. There is an unlawful detainer lodged against me.
F. I am a citizen and resident of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.
G. The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a §2254 petition or a §2255 motion.

**CAUTION: if you fail to set forth all of the grounds in this petition at this time, you may be barred from presenting additional grounds at a later date.**

State clearly every ground on which you are seeking relief. Summarize briefly the facts supporting each ground. If necessary, attach a total of five (5) typed or ten (10) neatly printed pages maximum for all grounds and all attachments.

A. Ground one:
LONGER EXECUTION OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE USPC EXCEEDED ITS POWER ON 3-30-2022 BY ACTING AS MICH OFFICERS TO FIND EVIDENCE OF MICH CRIMES BY HIM AND THAT EXCEEEDING MAKES THAT EXECUTION FUNDAMENTALLY UNFAIR (IN VIOLATION OF PDP) AS WELL AS AN EGREGIOUS A-BUSE OF USPC POWER (IN VIOLATION OF SDP).

Supporting facts: tell your story briefly without citing cases or law. You are cautioned that you must state facts, not conclusion, in support of your grounds. A "rule of thumb" to follow is this: who did exactly what to violate your rights at what time and place).
**Since** 3-30-2022, the USPC **continues execution** of Petitioner's Fed sentence in part because, without legal authority, the USPC **acted** as Mich Dep't of Corr's (MDOC), Mich State Police (MSP), Mich State prosecutor, Mich state jury and Mich state judge to **find** Mich state **evidence** of 10 new Mich state crimes did by him at MDOC between 1983 and 1997 (with the inclusion of 2009).

B. Ground two:

Attachment A

LONGER EXECUTION OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE USPC ON 3-30-2022 **FALSELY** CLAIMED THAT MDOC "FOUND **EVIDENCE** OF NEW CRIMINAL CONDUCT" DID BY HIM AT MDOC AND THAT **FALSITY** MAKES THAT **EXECUTION** FUNDAMENTALLY **UNFAIR** (IN VIOLATION OF PDP) AS WELL AS AN EGREGIOUS ABUSE OF USPC POWER (IN VIOLATION OF SDP).

Supporting facts:
Since 3-30-2022, the USPC **continues execution** of Petitioner's Fed sentence in part due to the **false** claim quoted above. Had that **evidence** truly existed, MDOC would have referred it to the MSP who would had referred it to a Mich state elected prosecutor, in compliance with MDOC Humane Treatment Policy Directive (PD) coded 03.03.130. Those referrals were not made in this case between 1983 and 1997 nor during 2009.

C. Ground three:
**LONGER EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE USPC ON 3-30-2022 **IRRATIONALLY** REFUSED TO BE GUIDED BY "**1987 US Dist Lexis 9223**" IN ANSWERING IF HE INFRINGED MDOC RULES AND THAT **IRRATIONALITY** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR (IN VIOLATION OF PDP) AS WELL AS AN EGREGIOUS ABUSE OF USPC POWER (IN VIOLATION OF SDP).

Supporting facts:
In answering if Petitioner "seriously and frequently" infringed MDOC rules between the eleven years of 1976 to 1987, the USPC was obliged to but **irrationally** did not heed that USDC finding that many MDOC staff often racially harassed imprisoned Black men by accusing them of disobeying a direct order, insolenc-e, threatening behavior and physical assault. That **irrationality** made that **continued** execution.

D. Ground four:
**LONGER EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE USPC ON 3-30-2022 **IRRATIONALLY** REFUSED TO BE GUIDED BY "**2001 US Dist Lexis 248**" IN ANSWERING IF HE INFRINGED MDOC RULES AND THAT **IRRATIONALITY** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR (IN VIOLATION OF PDP) AS WELL AS AN EGREGIOUS ABUSE OF USPC POWER (IN VIOLATION OF SDP).

**page 11-A**

E. **Ground five:**

**LONGER EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE USPC ON 3-30-2022 **IRRATIONALLY** REFUSED TO BE GUIDED BY "**Martin v MDOC**" IN ANSWERING IF HE INFRINGED MDOC RULES AND THAT **IRRATIONALITY** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR (IN VIOLATION OF PDP) AS WELL AS AN **EGREGIOUS** ABUSE OF USPC POWER (IN VIOLATION OF SDP).

**Supporting facts:**

In **Martin.**, the Mich Supreme Ct found that former MDOC Prisoner Discipline PD DWA-60.01 was unconstitutional from 1976 to 1986 and, consequently, all infractions based on that PD for those 10 years were unlawful. **Execution** of Petitioner's Fed sentence **unfairly continues** due to the **irrational** reliance by the USPC on infractions prepared based on that illegal PD.

F. **Ground six:**

**FURTHER EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE USPC ON 3-30-2022 **IRRATIONALLY** DISREGARDED THE ESPECIALLY MITIGATING CIRCUMSTANCE OF THE 2021 **WAIVER** BY MDOC OF ITS **PDR** AND THAT **IRRATIONALITY** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR (IN VIOLATION OF PDP) AS WELL AS AN EGREGIOUS ABUSE OF USPC POWER (IN VIOLATION OF SDP).

**Supporting facts:**

In 2021, MDOC **waived** its **PDR** because it was not a **legitimate** reason to prison Petitioner after he endured 45 consecutive years of a Mich state life sentence imposed for a Mich state kidnapping conviction. That **waiver** is an especially mitigating circumstance that the USPC **irrationally** disregarded to exploit that **PDR** to **further execute** his Fed sentence.

G. **Ground seven:**

**Further EXECUTION** OF PETITIONER'S FED SENTENCE **OCCURS** PARTLY BECAUSE THE USPC **IRRATIONALLY** ~~DID NOT REVIEW~~ CONCLUDED ON 3-30-2022 THAT THERE IS A "REASONABLE PROBABILITY" OF RECIDIVISM IN HIS CASE AND THAT **IRRATIONALITY** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR (IN VIOLATION OF PDP) AS WELL AS AN **EGREGIOUS** ABUSE OF USPC POWER (IN VIOLATION OF SDP).

**Supporting facts:**

page 11-B

USPC **conclusion** stated above is **irrational** because, in spite of the MDOC **PDR**, Fed statistics instead shows that Petitioner has an exceptionally low risk of recidivism since he: is elderly (see 2014 US App Lexis 10905); is not a political terrorist, career criminal, repeat offender, sociopath, murderer, or organized/street gang member; and has been imprisoned for 30 or more consecutive years.

## H. Ground eight:

**FURTHER EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE USPC **IRRATIONALLY** DID NOT REVIEW HIS CASE ON 20 INDIVIDUAL OCCASIONS SINCE 1978 AND THAT **IRRATIONALITY** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR (IN VIOLATION OF PDP) AS WELL AS EGREGIOUS ABUSE OF USPC POWER (IN VIOLATION OF SDP).

### Supporting facts:

USPC **irrationally** did not give Petitioner: an **Interim** case review bi-yearly from 1978 to 2021 [28 CFR 2.14(a)(1)(ii)]; a 15-Year Reconsideration case review in 2001 [28 CFR 2.14(c)(1)]; and a Two-Thirds case review in 2006 when he was imprisoned for 30 consecutive years [18 USC 4206(d) and 28 CFR 53(a)].

## I. Ground nine:

**FURTHER EXECUTION OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE OF NATIONAL APPEALS BD (NAB) FALSITY THAT FED DHO HEARINGS FOUND THAT HE DID INFRACTIONS AT FED BOP AND THAT FALSITY MAKES THAT EXECUTION FUNDAMENTALLY UNFAIR (IN VIOLATION OF PDP) AS WELL AS AN EGREGIOUS ABUSE OF NAB POWER (IN VIOLATION OF SDP).**

### Supporting facts:

No Fed BOP staff accused Petitioner of having did an infraction of a Fed BOP rule between 9/1976 and 9/2022. No Fed DHO found him guilty of a Fed BOP infraction during that time. No Fed DHO gave him a Hearing of any type during that time. He was not at a Fed BOP prison between 1976 and March of 2021. Thus, the above NAB quote is of a NAB **falsity**.

## J. Ground ten:

**FURTHER EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE NAB **FALSELY** CLAIMED THAT THE USPC DID NOT "RELY ON DISCIPLINARY INFRACTIONS FOUND BY MDOC" AND THAT **FALSITY** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR AS WELL AS AN EGREGIOUS ABUSE OF NAB POWER (IN VIOLATION OF SDP).

Supporting facts:

The 3-30-2022 USPC Notice Of Action (NOA) and 6-17-2022 NAB NOA each clearly proves that the USPC **only** relied on the MDOC PDR to see if Petitioner "seriously and frequently" infringed prison rules for 22 years before 1998 and during 2009. Thus, the above NAB quote is of a NAB **falsity**.

K.   Ground eleven:

**CONTINUED EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE NAB **FALSIFIED** **SENTENCES 3-4 OF PARAGRAPH 2 ON PAGE 1 OF ITS 6-17-2022** NOA AND THAT **FALSIFICATION** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR (IN VIOLATION OF PDP) AS WELL AS AN EGREGIOUS ABUSE OF NAB POWER (IN VIOLATION OF SDP).

Supporting facts:

Sentence 3 is **false** because it omits that Petitioner's **APPEAL** to the NAB is **supported** by the USDC cases cited in above Grounds 4-5. Sentence 4 is **false** because he never stated that the USPC can or could determine if he infringed any MDOC prison rules between 1976 and 1997 with the inclusion of 2009.

L.   Ground twelve:

**CONTINUED EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE NAB **FALSELY** CLAIMED THAT THE USPC GAVE HIM A STATUTORY "TWO-THIRDS PAROLE HEARING" ON 3-30-2022 AND THAT **FALSITY** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR (IN VIOLATION OF PDP) AS WELL AS AN **EGREGIOUS** ABUSE OF NAB POWER (IN VIOLATION OF SDP).

Supporting facts:

Petitioner was federally sentenced on 9-14-1976. His 10-19-1976 Fed BOP "Sentencing Computation Record" lists "09/13/-2006" as his "Two-Thirds Or 30-Year Date" and the USPC inplicably did not give him a "30-Year" Hearing in 2006. Thus, he was not given the "Two-Thirds" Hearing that is statutorily mandated by 18 USC 4206(d) and 28 CFR 53(a).

M.   Ground thirteen:

**CONTINUED EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE NAB **FALSIFIED** SENTENCE 2 OF PARAGRAPH 4 ON PAGE 2 OF ITS 6-17-2022 NOA AND THAT **FALSIFICATION** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR (IN VIOLATION OF PDP) AS WELL AS AN EGREGIOUS ABUSE OF NAB POWER (IN VIOLATION OF

SDP).

Supporting facts:

Petitioner has not before 2022 **waived** a USPC parole hearing. The USPC has never given him a **WAIVER FORM TO SIGN** [see 28 CFR 2.11(b) and 28 CFR 2.11-01]. After his 1976 "Initial" USPC parole hearing, he was not required to **apply** for any **subsequent** hearings [see sentence 4 of 28 CFR 2.11 and 28 CFR 2.11-02(a)]. He did **apply** for those hearings when the USPC mailed him an **APPLICATION** in 1986, 1988, 1994, and 2007.

N.  Ground fourteen:

**CONTINUED EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE NAB **FALSIFIED** PARAGRAPH 1 ON PAGE 1 OF ITS 6-17-2022 NOA AND THAT **FALSIFICATION** OF THE TRUE NATURE OF HIS APPEAL TO THE NAB MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR IN VIOLATION OF PDP AS WELL AS AN EGREGIOUS ABUSE OF NAB POWER IN VIOLATION OF SDP.

Supporting facts:

Petitioner's 4-12-2022 **APPEAL** to the NAB has 8, not 4, distinct Grounds for APPEALING to the NAB. That APPEAL states that the USPC made **several** Procedural Errors and Incorrectly Applied **several** Fed Statutes and Regulations. Please see APPEAL of 19 pages with an **ADDENDUM** and **51** pages of **EXHIBITS**.

O.  Ground fifteen:

**CONTINUED EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BECAUSE THE NAB **FALSIFIED** THE LAST SENTENCE OF PARAGRAPH 3 ON PAGE 1 AND SENTENCE 6 IN PARAGRAPH 4 ON PAGE 2 OF ITS 6-17-2022 NOA, AND THAT **FALSIFICATION** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR IN VIOLATION OF PDP AS WELL AS AN EGREGIOUS ABUSE OF NAB POWER IN VIOLATION OF SDP.

Supporting facts:

The true **purpose** of the 3-9-2022 hearing was to **block** deciding **eligibility** based on **several** factors under 28 CFR 2.14(a)(1)(ii), by instead deciding **eligibility** under 28 CFR 53(a) based on the **unfavorable single** factor of whether Petitioner infringed prison rules **at any time** while he was imprisoned for 30 consecutive years from 1976 to 2006.

P.  Ground sixteen:

United States District Court                Northern District of West Virginia

page 11-E

**MORE EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BE-CAUSE OF AN **IRRATIONAL MISLEADING** NAB CLAIM THAT "AT NO POINT WHILE SERVING YOUR LIFE SENTENCE HAS THE COMMISSION FOUND YOU SUITABLY FOR PAROLE" AND THAT **MISLEADING** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR IN VIOLATION OF PDP AS WELL AS AN **EGREGIOUS** ABUSE OF NAB POWER IN VIOLATION OF SDP.

**Supporting facts:**

The USPC inexplicably **failed** 20 different times to decide Petitioner's **suitability** before* 2022 (see above GROUND 8). The USPC did not decide his **suitability only** because of those **failures**. Thus, whether he was "**suitable**" before 2022 was **not** based on his Fed kidnapping conviction nor on his behavior while he was imprisoned for 30 consecutive years from 1976 to 2006.

Q.  **Ground seventeen:**

**MORE EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BE-CAUSE OF **IRRATIONAL** NAB CLAIM THAT ABOVE GROUND 8 DOES NOT SHOW UNJUST PREJUDICE AND THAT **IRRATIONALITY** IS FUNDAMENTALLY UNFAIR IN VIOLATION OF PDP AS WELL AS IS AN EGREGIOUS A-BUSE OF NAB POWER IN VIOLATION OF SDP.

**Supporting facts:**

**Further execution** of Petitioner's Fed sentence is the **unjust prejudice** caused by the USPC and NAB unconstitutionalities described by above GROUNDS 1-16. It is a **reasonable probability** that **further execution*** of that sentence would not have occurred if those **unconstitutionalities** had not been committed. That **unjust prejudice** impeded the USPC from seeking to **DISCHARGE** him from **further serving** that sentence.

R.  **Ground eighteen:**

**MORE EXECUTION** OF PETITIONER'S FED SENTENCE OCCURS PARTLY BE-CAUSE THE USPC AND NAB **IRRATIONALLY** REFUSED TO **REMEDY** ABOVE GROUNDS 1-16, AND THAT **IRRATIONALITY** MAKES THAT **EXECUTION** FUNDAMENTALLY UNFAIR IN VIOLATION OF PDP AS WELL AS AN EGREGIOUS ABUSE OF USPC AND NAB POWER IN VIOLATION OF SDP.

**Supporting facts:**

The USPC should have promptly **REMEDIED** by: (a) Expunging the 3-30-2022 NOA and 6-17-2022 NOA; (b) Expunging, from USPC and BOP files, the MDOC PDR from 1976 to 2002; and (c) Doing a case **REHEARING, REOPENING, OR RECONSIDERATION** under 28 CFR 2.24(b), 28 CFR 2.27(a), or 28 CFR 2.28(a).

S. **Ground nineteen:**

THE USDC HAS GOOD CAUSE TO ENTER A **DECLARATORY JUDGMENT** REFERRING THIS CASE TO THE DOJ (CRIM DIV) BECAUSE THE 3-30-2022 NOA AND 6-17-2022 NOA WERE INTENTIONALLY **FALSIFIED**, IN VIOLATION OF 18 USC 1001 AND 18 USC 1519, TO MALICIOUSLY DEPRIVE PETITIONER*S OF HIS CONSTITUTIONAL RIGHTS IN VIOLATION OF 18 USC 241 AND 18 USC 242.

**Supporting facts:**

A NOA is a Fed Record. USPC Hearing Examiner Scott Eublic, the 3 USPC staff who made the 3-30-2022 NOA and the NAB staff who made the 6-17-2022 NOA are criminally culable in Fed law for having made **False Statements** in each NOA stated above. Those **falsities** were made to deprive him (movant) of fundamental fairness and of freedom from egregious abuse of Fed government power.

United States District Court                    Northern District of West Virginia

page 11-G

Attachment A

Supporting facts:
In answering if Petitioner "seriously and frequently" infringed MDOC rules between the 22 years of 1979 to 2001, the USPC was obliged to but did not heed that USDC finding that most MDOC Disciplinary Hearing Officers (**DHO**) said that imprisoned persons infringed MDOC rules **merely** because other MDOC staff made the accusations. That **irrationality** made the USPC **continue** that **execution** (irrationally did not apply that USDC case).

13. Were all of the above grounds presented to another court, state or federal? If not, state which grounds were not presented. If yes, state the name of the court, date of decision, and the nature of the outcome:
Above GROUNDS 1-19 has not before been expressly or implicitly litigated in a Fed Ct. Those 19 GROUNDS concerns only conduct by the USPC on 3-30-2022 and conduct by the USPC NAB on 6-17-2022 which unconstitutionally causes **further execution** of Petitioner's Fed Sentence. Before 3-30-2022, it would have been premature for above GROUNDS 1-7 and 9-19 to be presented to a USDC for adjudication. *THIS CASE IS ABOUT EXECUTION OF SENTENCE.

14. If this petition concerns prison disciplinary proceedings, a parole problem, computation of sentence, or other case under 28 U.S.C. § 2241, answer the following questions:

   A. Did you present the facts in relation to your present petition in the prison's internal grievance procedure?

   ☐ Yes   ☒ No

   1. If your answer to "A" above was yes, what was the result:

   _____
   _____
   _____
   _____
   _____

Attachment A

2. If your answer to "A" above was no, explain:
<u>Fed BOP lacks a statute, other regulation, departmental poli-</u>
<u>cy, agency procedure and applicable guidelines by which im-</u>
<u>prisoned persons can formally challenge unlawful or unconsti-</u>
<u>tutional acts by the USPC or its NAB.</u>

B. If you are a federal prisoner, did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

☒ Yes    ☐ No

1. If your answer to "B" above was yes, what was the result:
<u>Appeal to NAB, of above GROUNDS 1-8, was Denied on 6-17-2022.</u>
<u>The USPC does not allow an agency appeal of a NAB decision.</u>
<u>Above GROUNDS 9-19 are indispensable due to the NOA by the</u>
<u>NAB for that Denial.</u>

2. If your answer to "B" above was no, explain:

15. Relief: State here, as briefly as possible, exactly what you want the court to do for you:

1. Make **no** legal arguments.
2. Cite **no** cases or statutes.
<u>(a) Decide case in light of timeline at In re Habeas Corpus Cases, 2003</u>
<u>US Dist Lexis 9926; (b) Enter TRO sought by Petitioner; (c) Order USPC</u>
<u>to SHOW CAUSE, in 3 days, why Writ is ungrantable; (d) Order USPC to, in</u>
<u>5 days, give the REMEDIES of Ground 18; (e) Order disclosure of names of</u>
<u>3 USPC staff who made the 3-30-2022 NOA and of NAB staff who made the 6-</u>
<u>17-2022 NOA; (f) Enter Declaratory Judgment according to Ground 19; **(g)**</u>
<u>**Appoint a Fed Defender** to represent Petitioner in this matter\* ;- and</u>
<u>(h) please liberally construe this pro se litigation esp in light of</u>
<u>Haines v Kerner, 404 US 519 (1972) and Castro v U.S., 540 US 375 (2003).</u>

Attachment A

16. If a previous motion to vacate or modify a prisoner's sentence, pursuant to Section 2255, was not filed, or if such a motion was filed and denied, the reasons why Petitioner's remedy by way of Section 2255 is inadequate or ineffective to test the legality of the detention.

```
N/A
N/A
N/A
N/A
N/A
N/A
```

Signed this __4th__ day of __October__, __2022__.
          (day)              (month)           (year)

_Mr. Willie Perry Woods (alias)_
Your Signature _Mr. Curtis Tate_ (birth name)

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct.

Date of Signature: __October 4, 2022__     _Mr. Willie Perry Woods (alias)_
                                            Your Signature _Mr. Curtis Tate_ (birth name)